UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-CV-00270-FDW-DSC

| | |
|---|---|
| ANA DUARTE, <br><br> Plaintiff, <br><br> vs. <br><br> TRUIST BANK, successor by merger to SUNTRUST BANK, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) ORDER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

THIS MATTER is before the Court on Defendant Truist Bank's ("Truist") Motion to Dismiss (Doc. No. 9) Plaintiff's Complaint (Doc. No. 1) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has reviewed Defendant's Motion and Brief in Support (Doc. Nos. 9, 10), Plaintiff's Response in Opposition (Doc. No. 14), and Defendant's Reply (Doc. No. 15). Accordingly, for the reasons detailed below, Defendant's Partial Motion to Dismiss the Complaint (Doc. No. 9) is DENIED.

## I. BACKGROUND

In or around August 2019, Defendant Truist Bank began calling Plaintiff's cellular phone to collect a debt she currently owes to Defendant. (Doc. No. 1, ¶¶ 10-12). On September 26, 2019 Plaintiff answered a call from Defendant and spoke to one of Defendant's representatives. Id. ¶ 13. On this call, Plaintiff alleges "[she] heard a series of clicks or tones, and an unusually long delay before Truist's representative began speaking, consistent with the use of an automatic dialing system." Id. ¶ 14. On this call, and at least three other calls, Plaintiff alleges she "instructed Truist's

1

representative to stop calling her and instead communicate with her by mail." Id. ¶¶ 17, 19, 21. According to Plaintiff, Defendant ignored her instruction and called her a total of 235 times, up to eight times per day, between October 8, 2019 and January 16, 2020. Id. ¶¶ 22-25. Plaintiff claims these calls occurred "almost every day, including weekends . . . at all times during the day, from as early as 8am to as late as 8 pm." Id. ¶¶ 23, 25. Plaintiff further alleges that Defendant also contacted her friends and family, informing them that Defendant was attempting to collect a debt from Plaintiff. Id. ¶ 26. This has allegedly caused Plaintiff more "embarrassment and distress." Id.

Additionally, Plaintiff alleges Defendant called and left her "prerecorded or artificial voice messages" and that she believes Defendant's automatic dialer did not return to the "on-hook state" within a minute after finishing dialing. Id. ¶¶ 27-28. As a result, Plaintiff claims she has sustained at least the following damages: "stress, anxiety, embarrassment, severe emotional and mental pain and anguish." Id. ¶ 35.

Consequently, Plaintiff filed this action on May 8, 2020 alleging claims for (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; (2) violation of the North Carolina Debt Collection Act ("NCDPA"), N.C. Gen. Stat. § 75-52; and (3) invasion of privacy by intrusion upon seclusion. (Doc. No. 1). In response, Defendant filed a Partial Motion to Dismiss on July 20, 2020, arguing Plaintiff has not stated a claim for relief under either the TCPA or for the state law tort claim. (Docs. Nos. 9, 10).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does

not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

### III. ANALYSIS

**A. Telephone Consumer Protection Act Claim**

Under the TCPA, a person is prohibited from

> mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system *or* an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is

3

> charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States . . . .

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). In other words,

> [T]o state a claim under the TCPA for calls made to a cell phone, a plaintiff must allege that (1) a call was placed to a cell or wireless phone (2) by the use of any automatic dialing system or leaving an artificial *or* prerecorded message (3) without prior express consent of the recipient.

Self v. Nationstar Mortgage LLC, 2019 WL 4734412, at *7 (E.D.N.C. Sept. 26, 2019) (emphasis added). Defendant only takes issue with element two, arguing Plaintiff's TCPA claim should be dismissed because Plaintiff "does not and cannot plead that Truist used an automatic telephone dialing system to contact her." (Doc. No. 10).

By making this argument, Defendant asks this Court to take a position on the divisive issue of what constitutes an automatic telephone dialing system ("ATDS"). The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227 (a)(1). Since the D.C. Circuit's 2018 decision, ACA Int'l v. Fed. Commc'ns Comm'n, a circuit split has emerged on how to interpret this definition and specifically on whether "a random or sequential number generator" is an essential component of an ATDS. 885 F.3d 687 (D.C. Cir. 2018) (invalidating the FCC's interpretation of what constitutes an ATDS). Currently, the Fourth Circuit has not reviewed this issue and this Court need not at this stage of the litigation. As pleaded, the Complaint sufficiently establishes a TCPA claim regardless of whether Defendant used an automatic telephone dialing system. As noted above, the TCPA prohibits calls made to cellphones using an ATDS *or* an artificial or prerecorded voice. Consequently, "[c]alls made using an artificial or prerecorded voice are independently actionable

4

from calls made using an ATDS." Jones v. Safe Streets USA LLC, 2020 WL 3261096, at *2 (E.D.N.C. June 16, 2020) (quoting Brown v. Ocwen Loan Servicing LLC, 2019 WL 4221718, at *5 (M.D. Fla. Sept. 5, 2019). Here, Plaintiff alleged *both* the use of an ATDS *and* an artificial or prerecorded voice. (Doc. No. 1, ¶ 27) (Doc. No. 14, p. 5) ("Defendant called Plaintiff and delivered prerecorded or artificial voice messages."). Therefore, without addressing Plaintiff's claim concerning Defendant's use of an ATDS, the Court finds Plaintiff has sufficiently alleged a TCPA cause of action by claiming Defendant called her using an artificial or recorded voice. Accordingly, the Court denies Defendant's Motion to Dismiss Plaintiff's TCPA claim.

### B. Plaintiff Sufficiently Alleges an Invasion of Privacy Claim

Plaintiff also alleges Defendant Truist invaded her privacy. More specifically, Plaintiff asserts a claim against Defendant for intrusion upon seclusion. Under North Carolina law, intrusion occurs when a person "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . [and that] intrusion would be highly offensive to a reasonable person." Musenge v. SmartWay of the Carolinas, LLC, 2018 WL 4440718, at *5 (W.D.N.C. Sept. 17, 2018) (quoting Miller v. Brooks, 472 S.E.2d 350, 354 (N.C. Ct. App. 1996)). "Examples of recognized intrusions upon seclusion include physically invading a person's home or other private place, eavesdropping by wiretapping or microphones, peering through windows, persistent telephoning, unauthorized prying into a bank account, and opening personal mail of another." Tillet v. Onslow Mem'l Hosp., Inc., S.E.2d 538, 540 (N.C. Ct. App. 2011) (internal quotation marks omitted).

Defendant argues Plaintiff's intrusion claim "cannot stand under North Carolina law because it is based solely upon telephone calls." (Doc. No. 10, p. 11). Defendant reasons that

5

Case 3:20-cv-00270-FDW-DSC   Document 19   Filed 11/05/20   Page 5 of 7

telephone calls alone are not "highly offensive to a reasonable person" and therefore "*something more* [must be] required for intrusion upon seclusion." Id. at 12 (alteration in original). To support this reasoning, Defendant relies on Musenge explaining "the plaintiff in Musenge alleged more than just text messages. She alleged that the defendant's agents visited her workplace, and furthermore, attempted to enter her home." Id. The Court finds Defendant's logic unpersuasive.

In Musenge, the plaintiff alleged intrusion on seclusion when the defendant attempted to collect a debt by visiting her workplace, attempting to enter her home, and repeatedly contacting her through text messages. Musenge, 2018 WL 4440718, at *6. Ultimately, the court held this alleged conduct "taken as a whole and as true, could support an intrusion upon seclusion claim." Id. In reaching its conclusion, the court explained that "when a court can conclude that a reasonable person could find defendant's alleged actions highly offensive, it is improper for a court to dismiss a plaintiff's intrusion upon seclusion claim at the motion to dismiss stage." Id. However, at no point in Musenge did the court attempt to create a rule that text messages or telephone calls, without more, are insufficient to satisfy this standard. In fact, the court appears to have said the opposite. Id. (finding after its review of North Carolina case law that "repeated telephone calls or text messages fits easily within this precedent."); see also id. at *8 n.3 ("[U]sing the same definition of intrusion upon seclusion . . . [the court] f[ou]nd a claim where the defendant contacted the plaintiff '380 times over a seven month period, often at a rate of five to ten times per day . . . .'") (quoting Chaconas v. JP Morgan Chase Bank, 713 F.Supp.2d 1180, 1185 (S.D. Cal. 2010)).

Here, Plaintiff has alleged Defendant called her 235 times over an approximately three month period, sometimes at a rate of eight times per day. (Doc. No. 1, ¶ 22) ("Truist called [her] cellular phone no less than **TWO HUNDRED AND THIRTY-FIVE (235) times** . . . up to eight

6

(8) times [per day] on [three occasions]." (emphasis in original)). Furthermore, Plaintiff has alleged Defendant contacted her friends and family, informing them of Defendant's attempt to collect a debt. Id. at ¶ 26 ("Truist has also called or attempted to call and text friends and family of [Plaintiff] with the intention that they would communicate to [Plaintiff] that Truist was attempting to collect a debt from her, causing [Plaintiff] additional embarrassment and distress."). Accepting Plaintiff's allegations as true, the Court finds a reasonable person could be highly offended by the frequency and manner Defendant telephoned Plaintiff *and* her friends and family. Tillet, S.E.2d 538, 540 (N.C. Ct. App. 2011) (explaining "*persistent* telephoning" is a recognized example of intrusion upon seclusion); see also Musenge, 2018 WL 4440718, at *8 n.3 ("It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.") (quoting Restatement (Second) of Torts § 652B cmt. d (1977)). Therefore, the Court hereby denies Defendant's Motion to Dismiss Plaintiff's invasion of privacy claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant Truist's Partial Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) is DENIED.

IT IS SO ORDERED.

Signed: November 5, 2020

Frank D. Whitney
United States District Judge

7

Case 3:20-cv-00270-FDW-DSC    Document 19    Filed 11/05/20    Page 7 of 7