UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte DIVISION
DOCKET NO. 3:20-cv-00270-FDW-DSC

| | |
|---|---|
| ANA DUARTE, | ) |
|         Plaintiff, | ) |
| vs. | )    ORDER |
| TRUIST BANK, | ) |
|         Defendant. | ) |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 40), Plaintiff's Motion to Withdraw Admission (Doc. No. 42), Defendant's Motion to Strike Plaintiff's Supplemental Memorandum (Doc. No. 63), and Plaintiff's Unopposed Motion to Continue Docket Call/Trial (Doc. No. 68). These motions are now ripe. For the reasons stated below, Defendant's Motion for Summary Judgment is DENIED, Plaintiff's Motion to Withdraw Admission is DENIED, Defendant's Motion to Strike Plaintiff's Supplemental Memorandum is GRANTED, and Plaintiff's Motion to Continue is DENIED.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the

absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once the moving party has shown summary judgment to be appropriate, the opposing party may not rest upon mere allegations or denials but rather must, by affidavits or other means permitted by the rule, set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56; see also Celotex Corp., 477 U.S. at 323. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

Based on the pleadings, exhibits, and arguments presented in this matter, it is clear to this Court that a genuine dispute of material fact exists as to at least one element of each of Plaintiff's claims. Resolution of these disputes would require the Court to resolve the credibility of witnesses and weigh the evidence, which is appropriate for a jury, not the Court. See Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) ("[C]ourts must . . . refrain from weighing the evidence or making credibility determinations. A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party." (citations and quotations omitted)). Accordingly, the Court DENIES Defendant's Motion for Summary Judgment as to Plaintiff's claims under the Telephone Consumer Protection Act, the North Carolina Debt Collection Act, and the tort of intrusion upon seclusion (Doc. No. 40).

## MOTION TO WITHDRAW ADMISSION

On March 26, 2021, Plaintiff filed her Motion to Withdraw Admission (Doc. No. 42), wherein Plaintiff moves this Court for an Order withdrawing the admission by default of Defendant's Request for Admission No. 15. The record shows, however, that Plaintiff has failed to adhere to the procedural requirements set forth under the Federal Rules of Civil Procedure and this Court's Orders with respect to Admission No. 15, and, therefore, this Court DENIES Plaintiff's Motion to Withdraw.

First, Plaintiff served her responses to the relevant set of Defendant's discovery requests more than a week late, without requesting an extension of time to serve such responses from Defendant or this Court. (Doc. No. 45, p. 3). On March 10, 2021, Defendant notified Plaintiff's counsel of Plaintiff's insufficient responses to Defendant's Request for Admission. (Doc. No. 45-C). Despite this notification, prior to filing her Motion, Plaintiff failed to contact the undersigned's chambers, or the referral magistrate judge's chambers, to schedule a telephone conference regarding Admission No. 15, as required by the Case Management Order filed September 17, 2020 (Doc. No. 18).[1] In addition, Plaintiff waited nearly a month after her responses were due to file this Motion to Withdraw Admission (Doc. No. 42). Further, although Plaintiff asserts that the parties met and conferred "at length" regarding Admission No. 15 and were unable to "agree on a resolution" (Doc. No. 42), Defendant contends that "Plaintiff never brought up any request to have the admission withdrawn and did not request to discuss the issue" (Doc. No. 45).

Based on Plaintiff's multiple procedural failures surrounding the relevant admission, Plaintiff's Motion to Withdraw Admission (Doc. No. 42) is DENIED.

---

[1] See Doc. No. 18, p. 5 ("Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and this District's Local Rules, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failing this, the parties are required, within fourteen (14) calendar days after a discovery dispute arises[], to schedule and submit to an informal telephonic conference before the referral magistrate judge (or the presiding district judge, if the magistrate judge is unavailable prior to the expiration of the 14 days).")

**MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**

On May 26, 2021, Plaintiff, without requesting leave from this Court to file a supplemental filing as required under Local Rule 7.1, filed a Supplemental Memorandum as to Defendant's Motion for Summary Judgment (Doc. No. 61). Defendant filed its Response to Plaintiff's Supplemental Memorandum (Doc. No. 63), which the Court interprets as a Motion to Strike.[2] Defendant seeks to strike Plaintiff's Supplemental Memorandum because the delayed filing seeks to introduce evidentiary materials to this Court well after Defendant's Motion for Summary Judgment was fully briefed, which, if accepted, would prejudice Defendant. (Doc. No. 63).

Plaintiff's Supplemental Memorandum was filed nearly two months after the filing of Plaintiff's Response in Opposition of Defendant's Motion for Summary Judgment (Doc. No. 50), after Defendant's Motion for Summary Judgment was already ripe for disposition. Moreover, Plaintiff failed to acknowledge or provide an explanation regarding her delay or provide an assertion of excusable neglect. See B & J Enterprises, Ltd. V. Giordano, 429 F. App'x 411, 415 (4th Cir. 2009) (quoting Orsi v. Kirkwood, 999 F.2d 86, 91 (4th Cir. 1993)). In her Supplemental Memorandum, Plaintiff merely appears to assert that she is entitled to submit her Supplemental Memorandum, and attached expert reports, because of Defendant's failure to respond to Plaintiff's May 21, 2021, request to take depositions of Defendant's expert. (Doc. No. 61). As with Admission No. 15 discussed above, the proper recourse for any discovery dispute is set forth in the Case Management Order for this matter (Doc. No. 18).

Based on Plaintiff's delay, failure to provide an explanation for such delay or assert excusable neglect, and failure to request leave from this Court to file a supplemental memorandum,

---

[2] See Defendant's Response to Plaintiff's Supplemental Memorandum (Doc. No. 63) ("Truist respectfully requests that the Court strike Plaintiff's 'Supplemental Memorandum' and grant any other and further relief the Court finds appropriate.")

this Court GRANTS Defendant's Motion to Strike Plaintiff's Supplemental Memorandum (Doc. No. 63).

## UNOPPOSED MOTION TO CONTINUE DOCKET CALL/TRIAL

This Court, in an Order filed August 24, 2021, continued trial in this matter to the mixed term beginning November 1, 2021 (Doc. No. 67). Three weeks later, on September 16, 2021, Plaintiff filed its Unopposed Motion to Continue Docket Call/Trial (Doc. No 68). After careful consideration of Plaintiff's Motion, as well as the record, the motion is DENIED.

Plaintiff's counsel or co-counsel shall appear before the undersigned on November 1, 2021, for docket call and pre-trial conference, and on November 2, 2021, for jury selection. Given Plaintiff's counsel's in-person evidentiary hearings scheduled from November 2, 2021 to November 5, 2021, this Court will not start presentation of evidence in this matter until November 8, 2021, at the earliest.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 40) is DENIED, Plaintiff's Motion to Withdraw Admission (Doc. No. 42) is DENIED, Defendant's Motion to Strike Plaintiff's Supplemental Memorandum (Doc. No. 63) is GRANTED, and Plaintiff's Unopposed Motion to Continue Docket Call/Trial (Doc. No. 68) is DENIED.

IT IS SO ORDERED.

Signed: October 14, 2021

Frank D. Whitney
United States District Judge